**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| A.S. and C.J. by and through their Guardian ad Litem Ashley Berry, )<br><br>Plaintiffs, )<br><br>v. )<br><br>South Carolina Department of Social Services (SCDSS), Tasha Barkley, Lakisha M. Hamilton, Shaneka Dixon, Kelly McCabe, Dana S. Pressley, Amanda Quinlan-Head (Graham), Deborah Reynolds, Yolanda M. Gamble Speights, Latoya Jackson, and Michael Leach, )<br><br>Defendants. ) | Civil Action No.: 2:23-cv-5621-BHH<br><br><br>**DEFENDANTS' ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |

Defendants hereby submit the following answers to Local Rule 26.03 Interrogatories:

**INTERROGATORY # 1**

 1. A short statement of the facts of the case.

**ANSWER # 1:**

 Plaintiffs have brought claims against Defendants pursuant to 42 U.S.C. § 1983 and state law claims under the South Carolina Tort Claims Act. Specifically, Plaintiffs allege that Defendants committed state law torts and/or violated Plaintiffs' constitution rights, during an investigation conducted by Defendants into Plaintiff A.S. for abuse and neglect of Plaintiff C.J. The incident in question occurred in Clarendon County, South Carolina, on, or about, April 21, 2022. In the Complaint, Plaintiffs allege Defendant SCDSS was grossly negligent and that the individual Defendants violated their Fourth, Fifth and Fourteenth Amendment rights.

 Defendants deny Plaintiffs' allegations, and deny they violated any of Plaintiffs' constitutional rights, or other rights.

**INTERROGATORY # 2**

 2. The names of fact witnesses likely to be called by the party and a brief summary of

their expected testimony.

**ANSWER # 2:**

Defendants anticipate that the following individuals will be called, by Defendants, as witnesses:

    a.    **A.S.**
            **C.J.**

These witnesses are the Plaintiffs in this matter. They are expected to testify as to their personal knowledge and observations as may be relevant to the matters at issue in this litigation.

    b.    **Tasha Barkley**
            **Lakisha M. Hamilton**
            **Shaneka Dixon**
            **Kelly McCabe**
            **Dana S. Pressley**
            **Amanda Quinlan-Head (Graham)**
            **Deborah Reynolds**
            **Yolanda M. Gamble Speights**
            **Latoya Jackson**
            **Michael Leach**

These witnesses are named Defendants in this lawsuit and were employees of the South Carolina Department of Social Services at the time of the incident alleged of in Plaintiffs' Complaint. They are expected to testify as to their personal knowledge, observations, experiences, and training as may be relevant to the matters at issue in this litigation.

Further answering, Defendants anticipate that additional witnesses may be identified, as discovery in this matter progresses, and reserves the right to call any properly identified witness at the trial of this matter. Further answering, Defendants reserve the right to call as a witness at the trial of this matter any witness identified by any other party to this lawsuit.

**INTERROGATORY # 3**

    3.    The names and subject matter of expert witnesses. (If no witnesses have been

identified, the subject matter and field of expertise should be given as to experts likely to be

offered.)

**ANSWER #3:**

Defendants have not decided on whether or not they will hire any expert witnesses, and expressly reserve the right to supplement this response in the future should they

determine a testifying expert witness is needed.  Furthermore, Defendants reserve the right to elicit opinion testimony and/or expert opinions from any person identified in discovery in this case that possesses the necessary qualifications, specialized knowledge, training, and/or experience to provide such opinions in this matter.

## INTERROGATORY # 4

4.    A summary of the claims or defenses with statutory and/or case citations supporting

the same.

## ANSWER #4:

Defendants assert that Plaintiffs have alleged constitutional violations of Plaintiffs' rights secured under the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States.

Defendants have raised numerous legal defenses, and have denied, as a matter of law and fact, all allegations of wrongdoing set forth in the Complaint.  Specifically, Defendants assert the following defenses:

Qualified Immunity pursuant to *Harlow v. Fitzgerald* and its progeny;

Defendants have and will further allege defenses under the case law applicable to 42 U.S.C. § 1983.  Furthermore, Defendants reserve the right to raise any other defense that is applicable, and may be discovered through the discovery process, to include, but not be limited to, the following:

A complaint that fails to state a claim upon which relief can be granted is subject to dismissal under Fed. R. Civ. P. 12(b)(6).  Among the relevant cases is *Bass v. E.I. Dupont de Nemours, Inc.*, 324 F.3d 761 (4th Cir. 2003).

Under the doctrine of qualified immunity, public officials are immune from liability and suit in their individual capacity for alleged federal statutory or constitutional violations insofar as their conduct does not violate clearly established law of which a reasonable person would have known.  Among the relevant cases are *Hogan v. Carter*, 85 F.3d 1113 (4th Cir. 1996) (*en banc*), *Torchinsky v. Siwinski*, 942 F.2d 257 (4th Cir. 1991),  and *Williams v. Hansen*, 326 F.3d 581 (4th Cir. 2003).

Plaintiffs have failed to take action to reasonably avoid or reduce the alleged damages and injuries, and therefore is not entitled to recover said damages that should have been avoided or reduced.  *Genovese v. Bergeron*, 327 S.C. 567, 490 S.E.2d 608 (Ct. App. 1997).

Plaintiffs' claims for punitive damages violates Defendants' constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and under Article I, Section 3 of the South Carolina Constitution.  *Atkinson v. Orkin Exterminating Co., Inc.*, 361 S.C. 156, 604 S.E.2d 385 (2004); *BMW*

3

*of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

**Punitive damages are not recoverable, under 42 U.S.C. § 1983, against these Defendants.**

**Defendants, in their official capacity, are not a "person" amenable to suit under 42 U.S.C. § 1983, and are entitled to 11th Amendment Immunity.**

**Defendants reserve the right to develop additional defenses during the course of discovery, and to amend their Answer as necessary.**

## INTERROGATORY # 5

5.      Absent special instructions from the assigned judge, the parties shall propose

dates for the following deadlines listed in Local Civil Rule 16:02:

(a)      Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b)      Completion of discovery.

## ANSWER # 5:

**The parties have not moved to amend the Scheduling Order at this time but recognize there is a lot of discovery to be done and reserve the right to file a motion to amend the scheduling order in the future, if necessary.**

## INTERROGATORY # 6

6.      The parties shall inform the Court whether there are any special circumstances

which would affect the time frames applied in preparing the scheduled Order.

## ANSWER # 6:

**The parties are not aware of any such circumstances at this time.**

## INTERROGATORY # 7

7.      The parties shall provide any additional information requested in the Pre-

Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.

**ANSWER # 7:**

  **Not applicable.**

SMITH │ ROBINSON

       *s/ Daniel C. Plyler*
       DANIEL C. PLYLER, FED. ID #9762
       3200 Devine Street
       Columbia, SC 29205
       T: 803-254-5445
       F: 803-254-5007
       Daniel.Plyler@SmithRobinsonLaw.com

       *Counsel for Defendants*

Columbia, South Carolina

July 12, 2024